**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

UNITED STATES OF AMERICA

v.                                        CRIMINAL NO. 2:06cr154

CHARLES LEE BRICE,

       Defendant.

ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a hearing on November 20, 2006, on the United States Government's motion to detain Defendant. AUSA Michael Moore represented the United States; Glen R. Tankersly, Esq., represented Defendant[1] at the detention hearing.

The Court FINDS that the following facts mandate Defendant's detention pending his trial.

Defendant has been indicted on the following charges: sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2251(a) and 2251(e) (Count 1); transporting child pornography, in violation of 18 U.S.C. § 2252A(a)(1) (Counts 2-11); and possession of material containing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 12).

Because the Grand Jury has indicted Defendant on the charges of sexual exploitation of minor in violation of 18 U.S.C. § 2251

---

[1] Immediately prior to the hearing on November 20, 2006, the Court entered an agreed order substituting Mr. Tankersly for AFPD Larry Dash as counsel for Defendant.

and transporting child pornography in violation of 18 U.S.C. § 2252A, offenses involving a minor victim, there is a rebuttable presumption[2] in favor of detention.

The Court considered the contents of the Pretrial Services Report, the testimony of Special Agent Katherine Rafferty, Federal Bureau of Investigation, Government Exhibit Nos. 1-7, and the proffers and arguments of counsel.

The Court FINDS by clear and convincing evidence that Defendant is a danger to the community and that there is no condition or combination of conditions that will reasonably assure the safety of the community.

The Court considered the nature and circumstances of the offenses, and notes that Defendant stands accused of sexual exploitation of a minor, numerous counts of transporting child pornography, and possession of material containing child pornography. Defendant faces a minimum of fifteen (15) years if he is convicted at trial of sexual exploitation of a minor.

The weight of the evidence against Defendant is strong. Defendant confessed to having established an on-line relationship with a minor female that led him to travel from Virginia to

---

[2]The Court notes that Defendant did proffer at least some evidence to rebut the statutory presumption in favor of detention, but that presumption still remains a factor to be considered by the Court in evaluating whether Defendant should be detained. See United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991) (holding that "rebutted presumption retains evidentiary weight").

Tennessee on three occasions to meet with her in a hotel room. Defendant took sexually explicit photographs of this minor female and assaulted her sexually.  Defendant also admitted attempts to establish an on-line relationship with another minor female. Defendant also admitted to receiving and transmitting sexually explicit images on his computer and certain of those images were recovered from his computer.  Defendant further admitted that he engaged in playful behavior with his seven year-old sister for the purpose of becoming sexually aroused.  Physical evidence recovered by law enforcement officers corroborates Defendant's admissions.

Defendant has strong ties to the local community through various family members.  He is employed, with limited assets and liabilities.   On August 2, 2002, Defendant pled guilty to disorderly conduct/unlawful window peeping and distribution of harmful material.

Defendant's aunt offered to serve as Defendant's third-party custodian but declined to co-sign his bond.  While Defendant's seven year-old sister does no live with Defendant's aunt, she is a resident of the area.

The Court considers that Defendant adduced sufficient favorable relevant evidence to rebut the presumption in favor of detention, but the Court will consider the presumption in connection with the question or detention.

The Court FINDS that the evidence arrayed by the Government

3

strongly suggests that Defendant is a sexual predator.

The Court, therefore, ORDERS Defendant to be DETAINED pending his trial.  See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS Defendant committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (i)

4

the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for Defendant. Entered on November 22, 2006

                                              /s/
                                   F. Bradford Stillman
                                   United States Magistrate Judge